**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert C. Kroner,**
**Plaintiff Below, Petitioner**

**vs.)  No. 21-0997** (Berkeley County CC-02-2021-AA-3)

**Everett Frazier, Commissioner,**
**West Virginia Division of Motor Vehicles,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert C. Kroner appeals the order of the Circuit Court of Berkeley County, West Virginia, entered on November 11, 2021, that affirmed the April 15, 2021, order of the Office of Administrative Hearings ("OAH") revoking petitioner's driver's license and commercial driver's license for driving a motor vehicle in West Virginia while under the influence of alcohol, controlled substances, and/or drugs ("DUI").[1] Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), responds in support of the circuit court order.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On March 12, 2020, the investigating officer arrested petitioner for DUI. The "West Virginia Driver's Information Sheet" and documents submitted to the DMV indicate that the investigating officer initiated a traffic stop after witnessing the petitioner's car crossing the solid white fog line and because the driver side brake light was not functioning. After observing bloodshot and glassy eyes and detecting the odor of alcohol, the investigating officer questioned petitioner, who admitted to consuming beer with dinner that night. The investigating officer administered standardized field sobriety tests that provided impairment detection clues and administered a preliminary breath test prior to arresting the petitioner. After being transported to the Jefferson County Sheriff's Office, petitioner received the "West Virginia Implied Consent Statement" and underwent the designated secondary chemical test, which indicated a blood alcohol concentration level of .114% by weight.

---

[1] Petitioner appears by counsel Bradley J. Wright. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General Elaine L. Skorich.

[2] Respondent was identified below as the Department of Transportation, however, Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles, is identified herein as the appropriate respondent in this matter.

On April 16, 2020, the DMV sent petitioner an order of revocation notice for DUI. Petitioner filed a written objection and requested an administrative hearing on May 6, 2020. After several continuances, on February 2, 2021, the OAH held a hearing. The DMV moved for admission of the certified DMV revocation file,[3] including the "West Virginia DUI Information Sheet" and criminal complaint completed by the investigating officer, and it was admitted into evidence ("DMV Exhibit 1"). The investigating officer did not appear at the hearing. The petitioner appeared at the hearing but did not testify. The OAH also entered into evidence the dismissal of petitioner's related criminal case, in which the prosecutor listed the reason for dismissal as "prosecutorial discretion – Giglio issue."[4] No other evidence was provided with regard to the criminal dismissal, although petitioner's counsel and the hearing examiner generally discussed at the hearing that the investigating officer was under investigation for false swearing in a criminal complaint. On April 15, 2021, the OAH entered its final order affirming the DMV's DUI revocation order. On May 5, 2021, petitioner filed an appeal with the Circuit Court of Berkeley County, West Virginia, and filed a motion for stay of the revocation order. After a hearing on the motion to stay, it was denied by order dated May 28, 2021.

On November 11, 2021, the circuit court entered an order affirming the OAH's final order. The circuit court found that the investigating officer was not called to testify by either petitioner or the DMV. Further, the circuit court found that there was no evidence presented related to the meaning of the notation of a "*Giglio* issue" referenced in the dismissal of the criminal complaint, only a generalized proffer. Given the general rule that dismissal of the underlying criminal case is not considered in an administrative proceeding before the OAH for license revocation set out in Syllabus Point 4 of *Miller v. Epling*, 229 W. Va. 574, 729 S.E.2d 896 (2012), the circuit court found the vague notation and generalized proffer insufficient to rebut the presumption of accuracy of the DMV's administrative record, DMV Exhibit 1, and, specifically, the information provided by the investigating officer's report and statement in the "West Virginia DUI Information Sheet." The circuit court also determined that the OAH findings were not arbitrary and capricious and the

---

[3] The agency file is provided in the appendix record and includes the order of revocation, the "Intox EC/IR-II" test slip, the "West Virginia DUI Information Sheet-DMV-314," the criminal complaint, the "Court Disposition Reporting" form, the "Uniform Traffic Citation," an "Implied Consent" form, an envelope from the investigating officer to DMV, a driver history inquiry, and the order of disqualification for petitioner's commercial driver's license.

[4] It is undisputed that this is a shorthand reference to *Giglio v. United States*, 405 U.S. 150 (1972). In *Giglio*, the government was responsible for false testimony by one of its witnesses even though the trial prosecutor was unaware of the falsity. There, the critical witness had been promised immunity in exchange for his testimony by an assistant district attorney and denied under oath that he had received such an offer. The government's failure to correct this testimony that called into question witness credibility was found to violate constitutional due process rights and require a new trial. *Id*. at 154-55; *see generally In re Investigation of W. Va. State Police Crime Lab'y, Serology Div.*, 190 W. Va. 321, 438 S.E.2d 501 (1993) (discussing *Giglio* and stating that State bears responsibility for false evidence); *see also* W. Va. Trial Ct. R. 32.02(a) (providing that State shall disclose exculpatory evidence to defendants in criminal cases pursuant to *Giglio* and *Brady v. Maryland*, 373 U.S. 83 (1963)).

*Giglio* issue was not ignored by the OAH. It also concluded that the OAH properly reconciled the evidence and provided a reasoned and articulate decision capable of being reviewed regarding the *Giglio* issue. Finally, the circuit court denied petitioner's request for a hearing to develop additional evidence, finding that there was sufficient opportunity to do so during the OAH hearing. Petitioner appeals this order.

Petitioner argues before this Court that the circuit court erred when it concluded that he failed to rebut the presumption of accuracy afforded the DUI information sheet, and when it concluded that a "*Giglio* issue" with the State's only witness was not enough to rebut that presumption. He also argues that the circuit court erred in ruling that the OAH findings regarding the DUI information sheet were sufficient for review and supported by evidence on the record as a whole. This Court reviews the order on appeal under the following standard:

> "On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va. Code § 29A-5-4(a) and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong." Syl. Pt. 1, *Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518 (1996). Syl. Pt. 1, *Dale v. Odum*, 233 W. Va. 601, 760 S.E.2d 415 (2014).

Syl. Pt. 1, *Frazier v. Talbert*, 245 W. Va. 293, 858 S.E.2d 918 (2021).

We agree with the circuit court that, in this case, the vague reference to a *Giglio* issue in the related criminal case was insufficient to rebut the presumption of accuracy afforded DMV Exhibit 1 before the OAH. The OAH properly admitted into evidence DMV Exhibit 1, and, in the administrative proceeding, it was entitled to a rebuttable presumption of accuracy. *See Frazier v. Fouch*, 244 W. Va. 347, 353, 853 S.E.2d 587, 593 (2020) (discussing caselaw related to statutory obligation of OAH to receive DMV file and the rebuttable presumption as to its accuracy); *Crouch v. W. Va. Div. of Motor Vehicles*, 219 W. Va. 70, 76 n.12, 631 S.E.2d 628, 634 n.12 (2006) (noting that the fact that a document is admissible under a statute does not preclude a challenge to the contents of the document during the hearing and that instead it merely creates a rebuttable presumption as to its accuracy). The general rule for OAH proceedings on license revocations is that the dismissal of the underlying criminal case has no effect on an administrative proceeding for license revocation. *See* Syl. Pt. 4, *Miller v. Epling*, 229 W. Va. 574, 729 S.E.2d 896 (2012). In this case, based on petitioner's argument, the OAH admitted evidence of the dismissal of the related criminal case. While there was a vague reference to *Giglio* in the dismissal of petitioner's criminal case, there was no evidence or testimony explaining that reference and its application to petitioner's specific case. Petitioner had the opportunity to put on evidence, but he did not seek to call the investigating officer,[5] and, based on our review of the appendix record, he did not provide

---

[5] Although petitioner points to a statement by the OAH hearing examiner that he felt it was unlikely the investigating officer would appear even if an enforcement action were undertaken, that statement was made *during* the hearing. Petitioner does not indicate that he subpoenaed or attempted to secure the investigating officer's testimony prior to the hearing, and he did not make a request related to the investigating officer during the administrative hearing, or seek to reopen

3

other testimony or evidence to contradict any factual statements within the DUI information sheet or provide information regarding any *Giglio* issue. In addition, we agree with the circuit court that the OAH findings were sufficient for review and supported by evidence in the appendix record as a whole. The OAH noted petitioner's argument but found no details were provided except that the investigating officer was under investigation for false swearing on a criminal complaint. The OAH also noted that petitioner did not testify in rebuttal of DMV Exhibit 1. As such, we agree with the circuit court that the OAH findings demonstrate that it did not ignore the *Giglio* issue and that the findings regarding the accuracy of DMV Exhibit 1 are sufficient for meaningful review and supported by the appendix record as a whole. We find no error in the decision.

For the foregoing reasons, we affirm the circuit court's November 11, 2021, order affirming the order of revocation issued by the DMV.

Affirmed.

**ISSUED:** September 15, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice C. Haley Bunn

**DISSENTING:**

Justice William R. Wooton

Wooton, Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

---

the matter for that evidence at the circuit court due to an irregularity in procedure based on the hearing examiner's remarks under West Virginia Code § 29A-5-4(f).